ZALESKI *v.* NIEMIEC.

SALES—VENDOR AND PURCHASER—RESCISSION—FRAUD.

Decree dismissing suit for rescission of assignment of vendee's interest in land contract, on ground of fraud, is affirmed, on appeal, where evidence is insufficient to establish fraud, although plaintiff made a bad bargain.

Appeal from Wayne; Mandell (Henry A.), J. Submitted April 17, 1929. (Docket No. 127, Calendar No. 34,093.) Decided June 3, 1929.

Bill by Anna Zaleski against John Niemiec and another for rescission of the assignment of a land contract. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*August Cyrowski,* for plaintiff.

*John N. Anhut, Charles N. Belcher,* and *Ralph S. Moore,* for defendants.

Wiest, J. The bill in this case was filed to obtain rescission of an assignment of a land contract interest in premises, held by plaintiff, on the ground of fraud perpetrated by defendant John Niemiec. At the hearing in the circuit, the bill was amended to include household furniture, store fixtures, and an automobile. In the circuit the bill was dismissed, and the case is here by appeal of plaintiff.

Plaintiff was born in Poland, and at the time of the hearing in the circuit, was 50 years of age, and had been in this country for 28 years, without being able, she claimed, to speak or understand the English

language. In 1910, plaintiff and her then husband, Charles Niemiec, purchased the premises in suit under land contract. Charles Niemiec died in October, 1921, and plaintiff, as survivor, took the contract interest. At that time there was due on the land contract the principal sum of $7,200 and a paving tax of about $1,300, to be paid in installments. The property was then worth somewhere around $12,000 or $13,000. Plaintiff's husband, Charles Niemiec, had conducted a saloon upon the premises, and the building had bar fixtures and another part thereof was occupied and furnished as living rooms. At the time of her husband's death plaintiff found his affairs somewhat involved. Plaintiff called in her husband's nephew, John Niemiec, to take charge of affairs, and, not then contemplating another marriage, evidently planned that, if she turned over to John Niemiec the store property and business, she could make her home there and she would be relieved of business management and payments upon the land contract. Her husband owed a bank $1,000, and, John Niemiec $1,000. Plaintiff's husband, Charles Niemiec, carried life insurance, and, upon his death, the amount thereof was paid to her. In December, 1921, plaintiff assigned the land contract to defendant John Niemiec, gave him a bill of sale of the furniture and fixtures, paid him the $1,000 her late husband owed him, and John Niemiec assumed the $7,200 due on the land contract and the paving tax and gave plaintiff his note for $2,228, due in five years, without interest. At that time it was thought the paving tax amounted to $1,500.

Plaintiff made a bad bargain, but failed at the hearing to establish fraud. We are persuaded that she comprehended the transaction, of which she now complains, and was willing at the time thereof to

have the same consummated. She made a poor witness in court, and her asserted want of understanding of the deal with defendant was not borne out by the proofs. She admitted that she knew right after the deal that she had been defrauded, yet, at the hearing, she repeatedly stated that she did not know what was done.

After the deal there came a change. Eleven months after her husband's death she married a man, many years her junior, after a courtship of five weeks, and immediately the new husband was alert in trying to get back the property. This husband was very active, and we think much of plaintiff's discontent with the bargain and her desire to get the property back is traceable to his desires.

At the hearing, in February, 1926, it was claimed that the bar fixtures, household furniture, and other personal property, turned over to defendant John Niemiec in 1921, were worth $5,105. Examination of the list of the articles, with estimated values annexed, taxes one's patience. We need mention but three: Phonograph, with 200 records, $175; saloon bar $1,000; lumber (not otherwise described) $1,000. In 1917 prohibition rendered saloon bars of little value, except for decorative purposes or a reminder of present uselessness.

Our disposition of the case renders it unnecessary to fix values upon the chattels. The value, however, was but a tithe of that claimed. It would benefit no one to give a lengthy review of the evidence.

The defendant Mathilda Kaiser is not interested in this suit.

An examination of this record leads us to affirm the decree, with costs to defendants.

NORTH, C. J., and FEAD, FELLOWS, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.